## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLENE ALEXANDER ROSS, individually and on behalf of all others similarly situated,<br><br>                                 **Plaintiff,**<br>    - against -<br><br>CARING PEOPLE NY OPERATING, LLC, CARING PEOPLE INC., STEVEN EAST, and CAROLINA PELLICANI, as individuals,<br><br>                           **Defendants.** | No:<br><br>**CLASS/COLLECTION ACTION COMPLAINT** |

Plaintiff, ARLENE ALEXANDR ROSS, individually and on behalf of all others similarly situated (collectively hereinafter, the "Plaintiff") by and through her attorneys, LAW OFFICES OF SHELLY A. LEONARD, P.C. alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff, through undersigned counsel, brings this collective action against CARING PEOPLE NY OPERATING, LLC, CARING PEOPLE INC, STEVEN EAST, and CAROLINA PELLICANI, as individuals, (collectively hereinafter, "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") in connection with Defendants violation of their statutory obligations to pay overtime compensation, to non-exempt employees, for work in excess of 40 hours per week, at a rate of 1.5 times his/her regular rate of pay, pursuant to 29 U.S.C. §207(a). Plaintiff

seeks to recover all back wages, unpaid overtime compensation, liquidated damages, and costs, including reasonable attorney's fees.

2.    Plaintiff also brings this Rule 23 Class action under New York's Wage and Hour Laws ("NYLL"). More specifically, the Plaintiff asserts that the class is entitled to unpaid overtime compensation for their work beyond 40 hours per week, at a rate of 1.5 times their regular rate of pay, unpaid spread of hours premium, failure to provide wage statements and wage notices, statutory penalties, liquidated damages, and costs, including reasonable attorney's fees, pursuant to New York Labor Law and the supporting New York State Labor Regulations.

3.    Defendants who operate a home health care agency in Jericho, New York, violated the FLSA and NYLL by failing to pay their home health aide employees for all hours worked. Defendants employ aides to stay with people who need home care 24 hours a day, seven days a week because they cannot care for themselves or be left alone. Defendants pay aides for only a set number of hours per day, even though they know that aides work far more, given the needs of those they care for.

4.    Defendants paid aides for only 13 hours per day, regardless of their actual hours. However, Defendants' aides consistently worked far more hours than Defendants paid them for, usually 17.5 hours a day or more. Aides were regularly required to work at night, but Defendants did not pay for this time.

5.    Defendants automatically deducted five hours of sleep time from the aide's compensable hours every 24 hours regardless of whether aides were required to work during the night and unable to sleep for at least five hours total. Also, even though

aides generally were not able to take meal periods throughout the day, Defendants automatically deducted 1.5 hours from aides' compensable hours every 24 hours for meal periods.

JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7.      This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

THE PARTIES

10.     Plaintiff, ARLENE ALEXANDER ROSS residing in Far Rockaway, New York was employed by Defendants from May 2022 until February 2024.

11.     Defendant, CARING PEOPLE NY OPERATING, LLC, is a domestic limited liability company organized under the laws of the State of New York with a principal office located at 375 N. Broadway #209, Jericho, New York 11753.

12.     Defendant, CARING PEOPLE INC., is a domestic limited liability company, organized under the laws of the State of New York with a principal office located at 118-35 Queens Boulevard, Forest Hills, New York 11375.

13.    Defendant, STEVEN EAST, is the owner, shareholder, officer, director, supervisor, and managing agent of CARING PEOPLE NY OPERATING, LLC, and CARING PEOPLE INC.

14.    Defendant, STEVEN EAST, actively participated and continues to participate in the day-to-day operations of CARING PEOPLE NY OPERATING, LLC, and CARING PEOPLE INC., acted intentionally and is an employer pursuant to the FLSA, as well as NYLL and the Regulations thereunder, and is jointly and severally liable with the corporate Defendants.

15.    Defendant CAROLINA PELLICANI is the owner, shareholder, officer, director, supervisor, and/or managing agent of CARING PEOPLE NY OPERATING, LLC, and CARING PEOPLE INC.

16.    Defendant, CAROLINA PELLICANI, actively participated and continues to participate in the day-to-day operations of CARING PEOPLE NY OPERATING, LLC, and CARING PEOPLE INC., and acted intentionally and is an employer pursuant to the FLSA, as well as NYLL and the Regulations thereunder, and is jointly and severally liable with the corporate Defendants.

17.    The individual Defendant, CAROLINA PELLICANI, exercised control over the terms and conditions of Plaintiff's employment in that she has and has had the power to (i) hire and fire employees; (ii) determine rates and methods of pay, (iii) determine work schedules; (iv) supervise and control work of the employees, including Plaintiff; and (v) otherwise affect the quality of her employees employment.

18.    At all times relevant to this action, Defendant, CAROLINA PELLICANI, created and implemented crucial business policies including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

19.    Defendant, CAROLINA PELLICANI, exercised sufficient control over corporate Defendants' day-to-day operations to be considered an employer of Plaintiff under the FLSA and NYLL.

20.    Defendants employed home health aides.

21.    Home health aides are domestic service employees as prescribed by 19 C.F.R. Part 552.

22.    Employment of persons in domestic service in households affects commerce. Thus, Defendants' domestic service employees were covered employees under Section 2(a) of the FLSA.

23.    CARING PEOPLE NY OPERATING, LLC. is, at present and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

24.     CARING PEOPLE INC. is, at present and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25.     Plaintiff, ARLENE ALEXANDER ROSS, and members of the class were employed by Defendants as live-in home health aides while performing duties for the Defendants' clients such as, but not limited to: providing home care and welfare; companionship;  assisting in ambulation, toileting and grooming; changing linens; washing laundry and dishes; house cleaning; administering medication; cooking, calling doctors and nurses; and accompanying them to doctor visits.

26.     Defendants employed Plaintiff from May 2022 through February 2024.

27.     Plaintiff and members of the class were not even relieved from duty and able to leave the client's home when a family member visited for a short period of time. Aides did not receive paid leave for vacation.

28.     Some aides filled in for other aides and were subject to the same work conditions and payment practices as the aides for whom they covered.  Defendants also refer to these aides as "live-in" aides when they fill in under these circumstances.

29.     Defendants paid aides for a set amount of hours each 24-hour period an aide was on duty, regardless of the actual hours the aide worked within that period.

30.     Defendants paid aides for only 13 hours per day, regardless of the actual hours they worked.

31.     Defendants automatically deducted five hours of sleep time from aides' compensable hours daily, although aides often worked during these hours.

32.     Defendants automatically deducted 1.5 hours for meal periods, although aides often did not take meal periods.

33.     Aides usually worked 122 hours or more when on duty seven days a week.

34.     Aides who filled in for another aide usually worked 52.5 hours or more per week while on duty three days a week.

35.     Aides were constantly on call and did not have free time from their duties where they could leave the premises and use time for their own personal purposes.

36.     Aides were regularly interrupted to care for a client even if they could take a few minutes to themselves.

37.     Aides ate all their meals with the clients they cared for, without any break for time to themselves throughout the day.

38.     Aides typically checked on the clients in the middle of night, or responded to clients' needs during the night.

39.     Given the frequent interruptions to their sleep, aides did not get reasonable periods of uninterrupted sleep, totaling five or a total of eight hours per night.

40.     Plaintiff, ARLENE ALEXANDER ROSS, regularly worked seven days per week.

41.     During Plaintiff's employment with the Defendants, Plaintiff regularly worked twenty-four hours a day.

42.     During Plaintiff's employment with the Defendants, Plaintiff regularly advised Defendants that her patient did not sleep.

43.     During Plaintiff's employment with the Defendants, Plaintiff would handwrite 24 hours each day for the seven-day work week.

44.     The Plaintiff and members of the Class were required to report hours on a handwritten piece of paper.

45.     Plaintiff and members of the Class were told they were entitled to only ½ hour meal breaks three times a day and five hours of sleep in violation of the FLSA and the NYLL.

46.     During Plaintiff's employment with the Defendants, Plaintiff would take off three or four days every couple of months.

47.     During Plaintiff's employment with Defendants, when Plaintiff was not working, the replacement home health aides also complained about the hours they worked.

48.     Plaintiff was regularly required to work approximately 168 hours per week.

49.     Defendants told Plaintiff she was to be paid an hourly rate of approximately $17.00 per hour straight time for 13 hours a day.

50.     Defendants failed to provide Plaintiff and members of the Class with an accurate wage statement that included all hours worked and all wages received each week in violation of the NYLL.

51.    Defendants failed to provide Plaintiff and members of the Class with a wage notice at the time of hire or at any time during their employment in violation of the NYLL.

52.    Plaintiff and members of the Class were not compensated for hours worked in excess of 40 hours.

53.    Although Plaintiff regularly worked 168 or more hours each week during her employment, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for all hours she worked over 40 hours in a work week, which is a blatant violation of the overtime provisions of the FLSA and NYLL.

54.    Members of the class regularly worked over 40 hours during each work week, and the Defendants did not pay them at a wage rate of time and a half (1.5) for any hours worked over 40 of the FLSA and NYLL.

55.    Plaintiff and Class members worked over 10 hours or more per day, five to seven days per week. Defendants, however, did not pay an extra hour at the legally prescribed minimum wage for each day worked over 10 hours, a violation of the provisions for the spread of hours contained in the NYLL.

56.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

57.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff and members of the Class suffered concrete harm, lack of knowledge about the rates of pay they were receiving or should have

received for their regular and overtime hours, terms, and conditions of pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they were being properly paid in compliance with the FLSA and NYLL.

58.    Furthermore, Defendants' willful failures to provide Plaintiff and members of the Class with these documents prevented them from being able to calculate their hours worked and proper rates of pay and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

59.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and members of the class lawfully earned wages, minimum wages, and overtime compensation in contravention of the FLSA and NYLL.

60.    Defendants failed to keep full and accurate records of hours and wages of Plaintiff and members of the Class, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

## COLLECTIVE ACTION ALLEGATIONS

61.    Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are members of the collective class.

62.    Collective Class: All persons who are or have been employed by the Defendants as home health aides or other similarly titled personnel with substantially similar job duties and responsibilities, and similar pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies,

programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

63.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that they: (a) performed similar tasks and job functions; (b) were subject to the same laws and regulations; (c) were paid in the same or similar manner; (d) were required to work in excess of 40 hours in a workweek; and (e) were not paid the required one and a half times their regular rates of pay for all hours worked in a workweek in excess of 40 hours.

64.    Defendants employed hundreds of home health aide - employees in New York who were subjected to similar payment structures.

65.    Defendants suffered and permitted Plaintiff and the Collective Class to work more than 40 hours per week without appropriate overtime compensation.

66.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

67.    Defendants knew that Plaintiff and the Collective Class performed work requiring overtime pay.

68.    Defendants' conduct, as described in this Complaint, was willful, in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

69.    Defendants are liable under the FLSA for failing to compensate Plaintiff and the Collective Class properly; as such, notice of this action should be sent to the Collective Class. There are similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from issuing a Court-supervised notice of this lawsuit and the

opportunity to join it. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

70.     The questions of law and fact common to the putative class predominate over questions affecting only individual members.

71.     The Plaintiff's claims are typical of the claims of the putative class.

72.     Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

73.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CLASS ALLEGATIONS

74.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth.

75.     Plaintiff brings this action on behalf of herself, and all others similarly situated.

76.     Plaintiff seeks to represent the following Class:

> All persons who are or have been employed by the Defendants as home health aides or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

77.     The Plaintiff is a member of the Class she seeks to represent.

78.     Plaintiff sues on behalf of herself and those members of the above-defined class who have filed or will file with the Court, their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

79.     Plaintiff and the putative class are similarly situated in that they are all subject to Defendants' common plan or practice of refusing to compensate them for overtime compensation at 1.5 times their regular pay rate for all hours worked in a workweek over 40.

80.     As to Plaintiff's claims for monetary damages, pursuant to NYLL §650 *et seq*., the applicable wage and hours law under which class members worked, Plaintiff sues on behalf of herself and all other members of the above-defined class.    Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

81.     The Class is so numerous that joinder of all members is impractical.    Upon information and belief, there are hundreds of members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of Defendants and can be ascertained through appropriate discovery.

82.     There are questions of law and fact common to the Class.

83.     The named Plaintiff's claims are typical of the Class members.    Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Plaintiff's legal claims are based on the same legal theories as the putative class members' claims.    The legal issues as to which federal and state laws are violated by such conduct apply equally to the Plaintiff and the class.

84.    The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class, and they have hired competent counsel skilled in prosecuting wage and hour class actions.

85.    Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

86.    Prosecuting this action as a collective action under the FLSA and as a class action under Rule 23 of the Rules of Civil Procedure presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

### FIRST CAUSE OF ACTION
(Overtime Wages Under the Fair Labor Standards Act)

87.    Plaintiff re-alleges and incorporates by reference all allegations of the preceding paragraphs.

88.    At all times relevant to this action, Plaintiff was engaged in interstate commerce and producing goods through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

89.    At all times relevant to this action, Defendants were employers engaged in commerce or producing goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

90. Defendants willfully failed to pay Plaintiff overtime wages for all hours regularly worked more than 40 hours per week at a wage rate of one and a half times her

regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

91.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with their obligations under the FLSA with respect to Plaintiff's compensation.

92.    Due to Defendants' FLSA violations, Plaintiff, and members of the class, are entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
(Overtime Wages Under New York Labor Law)

93.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

94.    At all times relevant to this action, Defendants employed the Plaintiff within the meaning of New York Labor Law §§2 and 651.

95.    Defendants failed to pay Plaintiff's overtime wages for hours worked more than 40 hours per week at a wage rate of one and a half times her regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137- 1.3, *et seq*.

96.    Due to Defendants' New York Labor Law violations, Plaintiff, and members of the class, are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of

liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
(Spread of Hours Compensation Under New York Labor Law)

97.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff, and members of the class, an additional hour of pay at minimum wage for each day worked more than 10 hours, violating the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

99.     Due to Defendants' New York Labor Law violations, Plaintiff, and members of the class, are entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law §663 (1).

## FOURTH CAUSE OF ACTION
(Violation of the Notice and Recordkeeping Requirements
of the New York Labor Law)

100.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants failed to provide Plaintiff and members of the class and Collective class with a written notice, in English, of their regular rate of pay, regular payday, and all other information as required by NYLL §195(1).

102.    Defendants are liable to Plaintiff and the Collective and Class Members for $5,000.00 per violation, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
(Violation of the Wage Statement Requirements of the New York Labor Law)

103.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Defendants failed to provide Plaintiff and members of the Class and Collective with wage statements upon each payment of her wages, as required by NYLL §195(3).

105.    Defendants are liable to the Plaintiff and members of the Class and Collective for $5,000.00 per violation, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION FOR
(Violations of 6 and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage)

106. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants violated Sections 6 and 15(a)(2) of the FLSA by employing aides in domestic service and in an enterprise engaged in commerce or producing goods for commerce without compensating the employees for the statutory minimum wage rate.

108.    Therefore, Defendants are liable for unpaid minimum wages owed to aides under Section 6 of the FLSA and an additional equal amount as liquidated damages pursuant to Section 16(c) of the FLSA, or if liquidated damages are not awarded, minimum wages and prejudgment interest under Section 17 of the Act.

## SEVENTH CAUSE OF ACTION FOR
(NYLL 650 et seq. and 12 NYCRR 142-2.2 Minimum Wage)

109. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder, including 12 NYCRR § 142.

111.    Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff and the Class and Collective action members at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

1. Declaring Defendants' conduct complained herein to violate the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
2. Awarding unpaid overtime wages;
3. Awarding unpaid minimum wages;
4. Awarding spread of hours compensation;
5. Awarding liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1).
6. Awarding statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;
7. Awarding prejudgment and post-judgment interest;

8. Awarding the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

Dated:     Huntington, New York
           November 10, 2024

                                   LAW OFFICES OF SHELLY A. LEONARD, P.C

By: _____

                                   Shelly A. Leonard
                                   Fran L. Rudich
                                   23 Green Street, Suite 303
                                   Huntington, NY 11743
                                   (631) 546-7000
                                   sleonard@salpc.law
                                   Fran.l.rudich@gmail.com
                                   *Attorneys for Plaintiff*

## DEMAND FOR PRESERVATION

**PLEASE TAKE NOTICE** that **CARING PEOPLE NY OPERATING, LLC, CARING PEOPLE INC, STEVEN EAST** and **CAROLINA PELLICANI** are under a legal duty to maintain, preserve, retain, protect, and not destroy any documents and data, both electronically stored information ("ESI") and hard copy, that may be relevant to claims made by the Plaintiff and members of the class for wage and hour/commission violations. The failure to preserve and retain the electronic data and evidence outlined in this notice may constitute spoliation of evidence, subjecting you to legal claims for damages and/or evidentiary and monetary sanctions.

This notice applies to your on- and off-site computer systems, removable electronic media, and all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), financial data, spread sheets, e-mail/electronic communication files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files), Internet history /usage files and preferences, cache files, user information files, graphical files in any format, databases, calendar and scheduling information, task lists, voice mail, instant messaging and other electronic communications, telephone logs, contact managers, computer system activity logs, and all file fragments, internet usage files, offline storage or information stored on removable media or storage media, information contained on laptops, or other portable devices, network access information and

backup files containing electronic data or electronic evidence, applications, hardware, operating manuals, codes, keys and other support information needed to fully search, use, and access the electronically stored information must also be preserved.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data and/or evidence relevant to Plaintiff and members of the class claims, and you are further instructed to take reasonable efforts to preserve such data and/or evidence. To meet this burden, you are instructed by way of example and not limitation, to:

\*      Preserve all data storage backup files (i.e., not overwrite any previously existing backups);

\*      Preserve and retain all electronic data generated or received by employees who may have personal knowledge of the facts involved in the claims against the Defendants as set forth in the Complaint;

\*      Refrain from operating, removing, or altering fixed or external drives and media attached to any workstations or laptops, voice mail systems, and cell phones, copy machines that are reasonably thought to have data-related to the claims, including but not limited to the workstations and/or laptops

\*      Preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

\*      Preserve and retain all electronic data in any format, media, or location relating to the claims, including data on hard drives, hard disks, floppy disks, zip drives, CD-ROMs, CD-RWs, DVDs, backup tapes, PDAs, cell phones, smart phones, memory cards/sticks, digital copiers, or facsimile machines;

\*      Prevent employees from deleting or overwriting any electronic data related to the plaintiff's claims.

Further, to properly fulfill your preservation obligation, stop all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift, or

destruction of hardware. Notify all individuals and affiliated organizations of the

need and duty to take the necessary affirmative steps to comply with the duty to

preserve evidence.

Dated:     Huntington, New York
           November 10, 2024

                      Yours, etc.
                      Law Offices and Shelly A. Leonard, P.C.
                      *Attorneys for Plaintiff*

                By: SHELLY A. LEONARD
                      23 Green Street, Suite 303
                      Huntington, New York 11743
                      (631) 546-7000